United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOROTHY GRANT,

    Plaintiff,

  v.

WESTAFF TEMPORARY AGENCY,

    Defendant
_____/

No. C-04-0277 MMC

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; VACATING HEARING**

(Docket No. 74)

    Before the Court is the motion for summary judgment filed December 2, 2005 by defendant Westaff Temporary Agency ("Westaff") and noticed for hearing January 13, 2006. Plaintiff Dorothy Grant ("Grant") has not filed an opposition.[1] Having considered the papers filed in support of the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the January 13, 2006 hearing. For the reasons set forth below, the motion is GRANTED.

### BACKGROUND

    Grant, appearing pro se and in forma pauperis, filed the instant action against Westaff on January 20, 2004. Grant alleges that, on or about October 21, 2002, she was denied a temporary position as a customer service representative because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a), and because of

---

[1] Any opposition was due no later than December 23, 2005. See Civil L.R. 7-3(a).

her race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. (See Compl. at 1-2.) As no opposition has been filed, the following facts are undisputed.

In early October 2002, Westaff received an order from Providian Financial in Pleasanton, California for approximately 150 temporary employees to work as call center/customer service representatives ("CSRs") at Providian's Pleasanton office. (See Hanzy Decl. ¶ 2.) Each candidate for a Providian CSR job was required to take "Talent Trak" tests administered by Westaff to assess the candidate's skills in three areas: "(1) outbound sales skills; (2) listening skills; and (3) telephone etiquette." (See id. ¶ 4.) On October 30, 2002, the first group of approximately 50 CSR candidates started training at Providian; over the course of the training session, Providian complained to Westaff that many of the candidates did not have the skills necessary to successfully work as a CSR. (See id. ¶ 6.) Providian expressed particular concern about the listening skills of many candidates. (See id.) As a result of Providian's concerns, Westaff decided that all CSR candidates would have to score at least 70% on the Talent Trak tests in order to be assigned to Providian. (See id.) Many candidates who initially had received a CSR assignment to Providian were disqualified due to their poor Talent Trak test scores. (See id. ¶ 7.)

Grant took the Talent Trak tests on October 22, 2002 and October 28, 2002. (See id. ¶¶ 12-13.) Grant failed to score 70% on any of the three tests she took on October 22, 2002. (See id. ¶ 12 and Ex. A.) She scored 50% on the outbound sales skills test, 50% on the listening skills test, and 68% on the telephone etiquette test. (See id. and Ex. A.) When Grant took the tests again on October 28, 2002, she again failed to score 70% on any of the three tests. (See id. ¶ 13 and Ex. B.) On October 28, 2002, Grant scored 50% on the outbound sales skills test, 54% on the listening skills test, and 64% on the telephone etiquette test. (See id. and Ex. B.) Grant's scores on the Talent Trek tests disqualified her for a CSR position with Providian. (See id. ¶ 14.)

In her complaint, Grant alleges that a person named "Ebony" told her she was too old for the CSR job. (See Compl. at 2.) In support of the instant motion, Ebony Hanzy

("Hanzy"), a Westaff Staffing Specialist and Westaff's onsite manager at Providian, attests that she "never made any comments to or about [Grant] regarding her age," (see id. ¶ 15), and that she "never singled out any prospective employee for a Providian CSR position on the basis of his or her age, nor did [she] ever consider age as a basis for qualification or disqualification for employment," (see id. ¶ 16). Hanzy also attests that she has "a specific recollection of several CSR candidates who appeared to be under the age of 40 who were disqualified from employment as a Providian CSR," and that "several candidates who appeared to be over 40 and over 50 were placed on CSR assignment at Providian." (See id. ¶¶ 9-10.) Dung Pham, a Westaff Program Analyst, attests that 35 employees who were 40 years of age or older were placed by Westaff to work at Providian between October 1, 2001 and October 1, 2003. (See Pham Decl. ¶ 6 and Ex. A.) As noted, Grant has submitted no evidence to the contrary.

Hanzy further attests that she "never discriminated against Ms. Grant or any other employee on the basis of race." (See Hanzy Decl. ¶ 17.) Hanzy attests that she herself is "African-American and that many of the individuals placed in a CSR position at Providian were African-American." (See id.) Again, there is no evidence to the contrary.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment as to "all or any part" of a claim "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(b), (c). Material facts are those that may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. See id. The Court may not weigh the evidence. See id. at 255. Rather, the nonmoving party's evidence must be believed and "all justifiable inferences must be drawn in [the nonmovant's] favor." See United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989)

(en banc) (citing Liberty Lobby, 477 U.S. at 255).

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it contends demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party will bear the burden of proof at trial, the moving party's burden is discharged when it shows the court there is an absence of evidence to support the nonmoving party's case. See id. at 325.

A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [that] party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." See Fed. R. Civ. P. 56(e); see also Liberty Lobby, 477 U.S. at 250. The opposing party need not show the issue will be resolved conclusively in its favor. See Liberty Lobby, 477 U.S. at 248-49. All that is necessary is submission of sufficient evidence to create a material factual dispute, thereby requiring a jury or judge to resolve the parties' differing versions at trial. See id.

The district court is not required to search the record sua sponte for some genuine issue of material fact. See Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) ("It is not our task, or that of the district court to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment."); see also Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found.")

**DISCUSSION**

An essential element of Grant's prima facie case of either age or race discrimination is that she was qualified for the job for which she applied. See McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Reeves v. Sanderson Plumbing Products, Inc., 530 U.S.

4

133, 141 (2000).  The evidence is undisputed, however, that Grant was not qualified for the Providian CSR assignment, because she scored less than 70% on the requisite tests.  (See Hanzy Decl. ¶¶ 6, 12-13 and Exs. A, B.)  Consequently, for this reason alone, Grant cannot prevail on her claims that Westaff failed to hire her for the CSR position because of her age and/or race.  Additionally, the evidence is undisputed that Grant was disqualified on the basis of her test scores and not as a result of discriminatory animus.  (See id. ¶¶ 14-17; see also Pham Decl. ¶ 6 and Ex. A.)

**CONCLUSION**

For the reasons set forth above, Westaff's motion for summary judgment is hereby GRANTED.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 6, 2006

_____
MAXINE M. CHESNEY
United States District Judge